904 F.2d 700
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allen V. JAFFE, Plaintiff-Appellant,
v.
H. Selwyn SMITH; Voss & Company, Incorporated; James T.
Bacon, Defendants-Appellees.
 No. 90-1433.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 7, 1990.
Decided: May 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 89-14-M).
 Allen V. Jaffe, appellant pro se.
 Gregory E. Lucyk, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Allen V. Jaffe appeals from the district court's order dismissing his action for a writ of prohibition for lack of jurisdiction. Jaffe sought to have the district court stop the enforcement of a state court judgment against him. The record shows that Jaffe appealed the state court judgment to the Virginia Supreme Court, where the judgment was upheld. Jaffe also asked the Virginia Supreme Court to issue a writ of prohibition. The court refused to issue the writ and awarded costs on appeal to the respondents in that action.
 
 
 2
 In this action Jaffe essentially asked the district court to review the actions of the Virginia state courts. It is well established that the United States Supreme Court is the only federal court which may review the merits of a state court judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Therefore, the district court properly found that it was without jurisdiction over the action. Accordingly, we affirm on the reasoning of the district court. Jaffe v. Smith, CA-89-14-M (E.D.Va. Jan. 24, 1990).
 
 
 3
 Appellees Voss & Company and James T. Bacon have moved for the award of costs and attorney fees on appeal. We construe this as a motion pursuant to Fed.R.App.P. 38. We find that this appeal is frivolous and grant the motion. Voss & Company and Bacon are directed to submit verification of the fees and costs expended to the Clerk of this Court. After Jaffe has responded, the Clerk shall assess costs and attorney fees. If either party is dissatisfied, review by the Court on the papers without oral argument may be obtained.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED